09 CV 2319

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

BERKELEY ACQUISITIONS, LLC,　　　　　　09 Civ.

　　　　　　　　Plaintiff,　　　　　　　　COMPLAINT

　　- against –

MALLOW KONSTAM & HAGER, P.C.,

　　　　　　　　Defendant.

------------------------------------------------------X

　　Plaintiff, by its attorneys, Heller, Horowitz & Feit, P.C., complaining of defendant, alleges:

　　1.　Jurisdiction is based on diversity of citizenship.

　　2.　Plaintiff, Berkeley Acquisitions, LLC ("Berkeley") is a limited liability company organized and existing under the laws of the state of New Jersey. Berkeley has two members: Michael Gindi, a citizen and domiciliary of New Jersey, and Harvey Wolinetz, a citizen and domiciliary of Florida.

　　3.　Upon information and belief, defendant Mallow Konstam & Hager, P.C., is a professional corporation organized and existing under the laws of the state of New York and has its principal place of business at 321 Broadway in New York City.

　　4.　The matter in controversy, exclusive of interest and costs, exceeds $75,000.

　　5.　Venue is proper in this District pursuant to 28 U.S.C. Section 1391(a).

　　6.　Plaintiff is the owner of certain property located in Irvington, New Jersey (the "Berkeley Properties").

　　7.　On or about November 16, 2006, defendant received $200,000 as a deposit

from a proposed purchaser of the Berkeley Properties pursuant to a contract dated February 13, 2006. Pursuant to a contract modification dated November 16, 2006, defendant was authorized to (and did) release $124,000 of the $200,000 to Berkeley, and agreed to hold the remaining $76,000 in escrow pending the closing of the purchase. The contract modification scheduled a time of the essence closing for no later than February 5, 2007.

8. By letter dated February 9, 2007, defendant notified the purchaser of the Berkeley Properties that: (i) the purchaser had breached the original contract by failing to close; (ii) that pursuant to the original contract, Berkeley was entitled to keep the initial deposit; and (iii) defendant was turning over the balance of the deposit to Berkeley.

9. Defendant has failed to turn over the balance of the escrow funds to plaintiff despite due demand.

10. By reason of the foregoing, plaintiff has been damaged in the sum of $76,000.

WHEREFORE, plaintiff demands judgment in the amount of $76,000, plus interest and the costs and disbursements of this action.

Dated: New York, New York
March 12, 2009

HELLER, HOROWITZ & FEIT, P.C.

By: _____
Martin Stein (MS9372)
292 Madison Avenue
New York, New York 10017
212-685-7600
*Attorneys for Plaintiff*

2