UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BERKELEY ACQUISITIONS, LLC                    Index No. 09/CV 2319

                               Plaintiff,       **ANSWER**
Vs

MALLOW, KONSTAM & HAGER, P.C.

                               Defendants.
-----------------------------------------------------------X

      Defendants, Mallow, Konstam & Hager, P.C., answering the Complaint by Berkeley Acquisitions, LLC, states that:

      1.    Defendants have no knowledge or information regarding allegation respecting jurisdiction, set forth in paragraph 1 of the Complaint.

      2.    Defendants have no knowledge and information regarding allegation set forth in paragraph 2 of the Complaint.

      3.    Defendants admit the allegation set forth in paragraph 3 of the Complaint.

      4.    Defendants admit the allegation in paragraph 4 of the Complaint that the matter in controversy exceeds $75,000.00.

      5.    Defendants have no knowledge or information regarding the allegation in paragraph 5 of the Complaint regarding the Plaintiff's conclusion that venue is proper in the United States District Court, Southern District of New York.

      6.    Defendants have no knowledge or information regarding the allegation in paragraph 6 of the Complaint as to present ownership of "property" in Irvington, New Jersey.

      7.    With respect to paragraph 7 of the Complaint:

(i) Defendants admit receiving a contract deposit of approximately $200,000.00 pursuant to a contract dated February 13, 2006, between Berkeley Acquisitions, LLC as Contract Vendor, and Baltimore Properties, Corp, as Contract Vendee, which contract was subsequently assigned by Baltimore Properties, Corp to Grove Street Homes, LLC.

(ii) Defendants admit that a written, fully executed Contract Modification was executed and delivered out on or about November 16, 2006, permitting the distribution of $124,000.00 out of escrow from the initial contract deposit in the sum of $200,000.00, leaving a balance of $76,400.00 in the IOLA account of Defendants, Mallow, Konstam & Hager, P.C., which together with interest, is now the sum of $79,350.00, and continues to be retained by Defendants at J.P. Morgan Chase.

(iii) Defendants aver that the Contract Modification dated November 16, 2006 is a document which speaks for itself.

8. (i) With regard to paragraph 8 of the Complaint, Defendants admit that by letter dated February 9, 2007, Defendants wrote to Kevin Kennedy, Esq., counsel for the Contract Vendees, asserting that Contract Vendees, Baltimore Properties, Corp and Grove Street Homes, LLC, were in breach of the aforementioned Contract dated February 13, 2006, as modified on November 16, 2006. The letter dated February 9, 2007, is a document which speaks for itself. (Exhibit A)

9. (ii) By letters dated February 16, 2007, February 22, 2007, and February 24, 2007, said Kevin Kennedy, Esq., counsel for the Contract Vendees, protested Defendants' assertion of breach of contract and demanded that Defendants should not release the balance in escrow. (Exhibit B)

10. Defendants admit that there was an escrow balance of $76,400.00, which together with interest being held, is now the sum of $79,350.00, all of which remains in Defendants' IOLA account at JP Morgan Chase.

11. Defendants deny the allegations of paragraph 10 of the Complaint.

## AS FOR AFFIRMATIVE DEFENSES

An interpleader Summons and Complaint will be served separately setting forth that the sum of $79,350.00 remains in Defendant's IOLA account at JP Morgan Chase, and will be deposited into Court upon further Court Order therefor, to permit all interested parties with a claim to the aforestated $79,350.00, to assert their respective claims for adjudication by this Court.

WHEREFORE, Defendants demands judgment dismissing the Complaint of the plaintiff herein, as against Defendants, Mallow, Konstam & Hager, P.C., together with costs and disbursements and that the Plaintiff's Complaint be discharged upon remittance of $79,350.00 at the direction of this Court

Dated: New York, New York
April 1, 2009

Sincerely

*[signature]*

Benjamin Hager, Esq. (0288)
Attorney for Defendants
Mallow, Konstam & Hager, P.C.
321 Broadway,
New York, NY 10007
212-964-7990

**EXHIBIT A**

BENJAMIN HAGER
ABE H. KONSTAM*
GEROLD MALLOW*
MADELEINE NISONOFF

ALLA KUROLAPNIK
SYMA DIAMOND*
*Admitted in N.Y. & N.J.

LAW OFFICES
## MALLOW, KONSTAM & HAGER, P.C.
321 BROADWAY
NEW YORK, NEW YORK 10007
(212) 964-7990
TELECOPIER (212) 267-4080

MIRRA KHAVULYA
ALFRED F. SICA
BARRY S. SCHUMAN
COUNSEL

NEW JERSEY OFFICE
1100 JOHNSON COURT
NEW MILFORD, N.J. 07646
(201) 907-0928

ROCKLAND OFFICE
9 KUPERMAN LANE
MONSEY, N.Y. 10952
(845) 425-2224

February 9, 2007

**Via fax 732-936-1960 &**
**Federal express # 8600 9665 3107**
Kevin Kennedy, Esq.
165 Highway 35
Red Bank, NJ 07701

      RE: Baltimore Properties, Corp, and
          Groves Street Homes, LLC
          With
          Berkeley Acquisitions, LLC
          9-23 Berkeley Terrace, Irvington, NJ
          And
          794 Groves Street, Irvington, NJ

Dear Mr. Kennedy:

   Your clients, Baltimore Properties, Corp and Groves Street Homes, LLC, are in breach by failing to close a contract entered into on February 13, 2006, between Berkeley Acquisitions, LLC with Baltimore Properties, Corp., as assigned, with respect to the premises located at 9-23 Berkeley Terrace and 794 Groves Street, both in Irvington, New Jersey. The contract was modified on November 16, 2006.

   Pursuant to the contract modification, the closing date was scheduled for January 3, 2007. The contract modification further provides that if the Purchaser elects, the January 3, 2007 closing is extended to February 5, 2007, at 11:00 a.m., with time of the essence, at the offices of Kevin E. Kennedy, 121 Highway 35, Red Bank, New Jersey.

   The undersigned, together with Michael Gindi, as the manager and member of Berkeley Acquisitions, LLC, were at your offices on February 5, 2007, at 11:00 a.m., and on or about that time, tendered a deed and all the necessary incidental documents in connection with the transfer of title, including but not limited to the New Jersey Transfer Forms, Title Affidavit, payoff letters, the Certificate of Occupancies, and the Green card, Assignment of leases, Tenant letter, Security transfer, Rent roll, as necessary or appropriate for a closing of title.

   You appeared at your own offices, together with Mr. Richard Caldwell and Michael H. Breslow, the apparent controller of Baltimore Properties, Corp.

# MALLOW, KONSTAM & HAGER, P.C.

In exchange for our tender of the deed and other incidental documents, no funds whatsoever were tendered to consummate the transaction for sale of the real estate pursuant to the contract dated February 13, 2006, as modified on November 16, 2006.

All contract conditions had been complied with by Seller.

Under those circumstances, the Purchaser and Assignee are in breach of the aforementioned contract of sale dated February 13, 2006 as modified on November 16, 2006. Accordingly, we declared a breach under the contract.

This constitutes further notice of such breach of contract.

Pursuant to paragraph 23 of the aforementioned contract dated February 13, 2006, upon the Purchaser's breach of contract in failing to close title, the Seller is entitled to keep the deposit of $200,000.00 plus interest as its liquidated damages and sole remedy. Moreover, the Purchaser irrevocably waives any right to challenge the amount of the liquidated damages.

Accordingly, this constitutes further notice that the contract dated February 13, 2006 is deemed in breach and the contract dated February 13, 2006, as modified on November 16, 2006 and the escrow funds shall be turned over to the Seller, as liquidated damages, as provided for within the contract

Sincerely,

Mallow, Konstam & Hager, P.C.

Benjamin Hager

Ben/ltr/07/Kennedy, Kevin0209 07

CC:     **Via fedex #8600 9665 3092**
        Baltimore Properties, Corp
        Attn:   Richard Caldwell
        313 Amboy Avenue
        Woodbridge, NJ 07095

        Warren Kaps – 201-489-0477

        Michael Gindi

# EXHIBIT B

2009-Mar-23 04:23 PM Baltimore Properties 732-636-4454                                                    12/24
02/16/2007  12:54    7329361968           KEVIN E KENNEDY ESQ                    PAGE 01/05

# Kevin E. Kennedy, Esq.
A Limited Liability Company
Attorney at Law
165 Highway 35
Middletown, NJ
Phone: (732) 936-1099
Fax: (732) 936-1960

Admitted to Practice
NJ & Washington DC

Mailing Address:
165 Highway 35
Red Bank, NJ 07701

February 16, 2007

VIA FACSIMILE: 212-267-4080, CERTIFIED, AND REGULAR

Mellow, Konstam & Hager, P.C.
Attn: Benjamin Hager, Esquire
321 Broadway
New York, NY 10007

RE:   Baltimore Properties, Corp. from Berkeley Acquisitions, LLC
      9-23 Berkeley Terrace
      Irvington, NJ

      794 Grove Street
      Irvington, NJ

Dear Mr. Hager:

Please be advised that I am writing to you on behalf of Baltimore Properties, Corporation / Grove Street Homes, LLC. In that regard, I am in receipt of your February 9, 2007 correspondence (received February 12, 2007) declaring the Purchaser in Default and attempting to have the deposit monies forfeited. Towards that end, and as a supplement to our prior communications, I would ask that you please note the following:

1. Contrary to the representations and inferences in your letter, the Seller was not (and is not) ready, willing, and able to close Title in accordance with the Terms of the Contract.

2. As has been indicated on numerous occasions, the Purchaser's Representatives do want to close and are expeditiously working towards the same.

3. However, as indicated on numerous occasions (both verbally and in writing), the Purchaser cannot close yet because of outstanding issues associated with your Client (and / or its Representatives / Agents), the existing building, the existing Federal / State Regulations governing the building (and Owners thereof), prevailing Regulations governing the operation of the buildings, and the prevailing Rules and Regulations

governing and restricting the manners and methods in which Title / HAP Contracts can be transferred.

4. As indicated on prior occasions, and as we discussed most recently at the February 5, 2007 Meeting (at my office), given the existing HAP Contract, and the existing Governmental Regulations pertaining to the operation of the buildings, there is a fairly intense process by which HAP Contracts (issued by / through the Department of Housing and Urban Development and / or the Irvington Housing Authority) can be transferred - and the Purchaser's Representatives maintain that your Client is not currently in a position for the transfer of Title / Assignment of HAP Contracts to be effectuated.

5. In fact, Baltimore Properties' Representatives have recently been advised by HUD Officials that Berkeley Acquisitions failed a Year-End REAC Report, which was, apparently, subsequently referred to HUD's Enforcement Division.

6. Additionally, it is my understanding that prior communications with HUD have confirmed that there are many other HUD-related and building-related issues which need to be addressed before any transfer of Title / Assignment of HAP Contracts can be effectuated (whether to Baltimore Properties, Grove Street Homes, LLC, or any other individual / entity.)

7. Additionally, I enclose herein a copy of correspondence prepared by Richard Caldwell, dated February 8, 2007, detailing the supplemental information which the Purchaser's Representatives will need to obtain, review, and approve before the Department of Housing and Urban Development will authorize the transfer / assignment of the HAP Contracts. Furthermore, the Purchaser's representatives also need to effectuate a plan to facilitate the transfer of the managing agent's management responsibilities regarding the day to day operations of the facilities (so as to maintain compliance with HUD rules and regulations.)

8. It is our position that the above issues are Seller-issues which will need to be satisfactorily addressed before any transfer / assignment can be effectuated.

9. If you have any questions or comments relating to the HUD Process, I would suggest that you contact HUD directly and advise accordingly.

10. Moreover, as my Client is not currently recognized as a party in interest by HUD, Baltimore Properties' Representatives would welcome the opportunity to jointly review the matter with your Client and HUD, etc.

11. Baltimore Properties' Agents reiterate their willingness and eagerness to work with you and your Client's Representatives towards the satisfactory resolution of all issues. However, it is our belief that a Closing can only be effectuated through continued, coordinated, and good faith efforts of all parties (and Agents thereof).

12. In light of the above, the Purchaser's Representatives maintain that the Purchaser has not breached the Contract and that there has been no default. Furthermore the Purchaser is of the belief that the said Contract remains in Full Force and Effect.

13. Accordingly, you are not authorized to release any portion of the deposit money - and if any portion of the said money is released, the Purchaser's Representatives will secure Litigation Counsel so as to remedy the egregious actions.

I would ask that you please contact me upon receipt of this letter so as to discuss the issues in greater detail.

Very truly yours,

*Kevin Kennedy* KK

Kevin E. Kennedy

cc: Richard Caldwell (732-636-8232)

KEK:kh
\\Admin\realestate\Purchases\Baltimore Properties, Corp. from Berkeley Acquisitions\21207Hagerstatus.doc

# Kevin E. Kennedy, Esq.
A Limited Liability Company
Attorney at Law
165 Highway 35
Middletown, NJ
Phone: (732) 936-1099
Fax: (732) 936-1960

Admitted to Practice
NJ & Washington DC

Mailing Address:
165 Highway 35
Red Bank, NJ 07701

February 22, 2007

VIA FACSIMILE: 212-267-4080

Mallow, Konstam & Hager, P.C.
Attn: Benjamin Hager, Esquire
321 Broadway
New York, NY   10007

  RE: Baltimore Properties, Corp. from Berkeley Acquisitions, LLC
    9-23 Berkeley Terrace
    Irvington, NJ

    794 Grove Street
    Irvington, NJ

Dear Mr. Hager:

  With regard to the above matter, and as a supplement to our prior communications, I would ask that you please note the following:

1. Your February 2, 2007 letter listed the Pay-Off Figures for the subject Mortgage and then indicated that there would be "additional interest and penalties" due.

2. Per the executed Contract of Sale, the Purchaser did agree to pay certain charges associated with early satisfaction of the existing Loan.

3. However, the Pay-Off Sheet you provided appeared to list certain penalties / charges for the late payments, etc.

4. Under the Contract, my Client is not required to pay for the same, and obviously, will not be paying the same.

5. Thus, I would ask that you please contact me at your convenience so that we can discuss the same in greater detail.

Very truly yours,

Kevin Kennedy  KK
Kevin E. Kennedy

cc:  Richard Caldwell (732-636-8232)

KBK/kfh
\\Admin\\realestate\\Purchases\\Baltimore Properties, Corp. from Berkeley Acquisitions\\22207HagerPayOff.doc

# Kevin E. Kennedy, Esq.

A Limited Liability Company
Attorney at Law
165 Highway 35
Middletown, NJ
Phone: (732) 936-1099
Fax: (732) 936-1960

Admitted to Practice
NJ & Washington DC

Mailing Address:
165 Highway 35
Red Bank, NJ 07701

February 22, 2007

**VIA FACSIMILE: 212-267-4080**

Mallow, Konstam & Hager, P.C.
Attn: Benjamin Hager, Esquire
321 Broadway
New York, NY 10007

RE: Baltimore Properties, Corp. from Berkeley Acquisitions, LLC
9-23 Berkeley Terrace
Irvington, NJ

794 Grove Street
Irvington, NJ

Dear Mr. Hager:

With regard to the above matter, and as a supplement to our prior communications, I would ask that you please note the following:

1. Enclosed herein please find a copy of the apparently "failed" REAC Inspection Report.

2. For your files, I also enclose herein a copy of an Affidavit signed by your Client's Representative relative to the same.

I would ask that you please review the information and contact me to discuss in greater detail.

Very truly yours,

Kevin Kennedy

Kevin E. Kennedy

cc: Richard Caldwell (732-636-8232) (w/o encl.)
KEK/kfn
\\Admin1\realestate\Purchases\Baltimore Properties, Corp. from Berkeley Acquisitions\22207HagerFailedInspection.doc

# Kevin E. Kennedy, Esq.

A Limited Liability Company
Attorney at Law
165 Highway 35
Middletown, NJ
Phone: (732) 936-1099
Fax: (732) 936-1960

Admitted to Practice
NJ & Washington DC

Mailing Address:
165 Highway 35
Red Bank, NJ 07701

February 24, 2007

VIA FACSIMILE: 212-267-4080

Mallow, Konstam & Hager, P.C.
Attn: Benjamin Hager, Esquire
321 Broadway
New York, NY  10007

    RE:    Baltimore Properties, Corp. from Berkeley Acquisitions, LLC
            9-23 Berkeley Terrace
            Irvington, NJ

            794 Grove Street
            Irvington, NJ

Dear Mr. Hager:

    With regard to the above matter, and as a supplement to our prior communications, I would ask that you please note the following:

1. Enclosed please find correspondence I recently received from my Client.

2. As you can see, the same concerns several apparent discrepancies/differences with regard to the list of tenants/security deposits, etc.

3. Additionally, the said letter also requests a copy of the executed HAB Contract.  *HAP*

4. Finally, the document also requests a copy of the Regulatory Agreement and the Audited Financial Statements (November 1, 2006 to December 31, 2006.)

Thus, at your convenience, I would ask that you please arrange for the requested materials to be presented to the Purchasers.

Thank you for your help.

Very truly yours,

*Kevin Kennedy/DMP*

Kevin E. Kennedy
(Dictated but not read)

Encl.

cc: Richard Caldwell (732-636-8232) (w/o encl.)

KEK/dmp
\\Admin1\realestate\Purchases\Baltimore Properties, Corp. from Berkeley Acquisitions\022407 Hager clnt orspndo encl.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BERKELEY ACQUISITIONS, LLC

                                 Plaintiff,                    AFFIDAVIT OF SERVICE

              - against -                                   Index No.: 09/CV-2319

MALLOW, KONSTAM & HAGER, P.C.

                                 Defendants.
-------------------------------------------------------X
STATE OF NEW YORK   )
                                  ss:
COUNTY OF NEW YORK )

        JOAN LAWRENCE, being duly sworn, deposes and says: I am not a party to the within action, am over 18 years of age, and reside in Bronx, New York.

        On April 1, 2009, I served a copy of the within **ANSWER** by mailing same in a sealed envelope with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    Martin Stein, Esq.
         HELLER, HOROWITZ & FEIN, P.C.
         Attorneys for Plaintiff
         BERKELEY ACQUISITIONS, LLC
         292 Madison Avenue
         New York, NY 10017

                                                                 JOAN LAWRENCE

Sworn to before me this
1st day of April, 2009

_____
NOTARY PUBLIC

Aff/svc/mail/09/Berkeley Acquisitions, LLC-0401-09

            ROBERT M. BRESLOF
      Notary Public, State Of New York
            No. 01BR6020161
        Qualified In New York County
      Commission Expires Feb. 22, 2014

MALLOW, KONSTAM & HAGER, P.C.

Index **CV 2319**    Year 20 **09**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERKELEY ACQUISITIONS, LLC

Plaintiff,

-against-

MALLOW, KONSTAM & HAGER, P.C.

Defendants.

# ANSWER

**MALLOW, KONSTAM & HAGER, P.C.**
*Attorneys for*    Defendants

321 BROADWAY
NEW YORK, NEW YORK 10007
TEL (212) 964-7990

Signature (Rule 130-1-1a)

Print Name    BENJAMIN HAGER

To:

Attorney(s) for

*Service of a copy of the within*    *Is hereby admitted*

Dated:

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,

at
on _____ 20 __ at _____ M.

MALLOW KONSTAM & HAGER, P.C.
321 Broadway
New York, NY 10007

Dated:

MALLOW, KONSTAM & HAGER, P.C.

*Attorneys for*

STATE OF NEW YORK, COUNTY OF                                      ss:

The undersigned, an attorney admitted to practice in the courts of New York State

Check applicable Box

☐ Attorney's Certification — certify that I compared the within with the original and found it to be a true and complete copy thereof

☐ Attorney's Verification by Affirmation — I am the attorney(s) of record, for
in the within action                                              , I have read the foregoing
and know the contents thereof; the same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The reason I make this affirmation instead of                           is

I affirm that the foregoing statements are true under the penalties of perjury
Dated:
............................................................................
(Type or print name below signature)

STATE OF NEW YORK, COUNTY OF                                      ss:
Being sworn says: I am

Check applicable Box

☐ Individual Verification — in the action herein; I have read the foregoing
and know the contents thereof and the same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ Corporate Verification — the                of
a corporation, one of the parties to the action; I have read the foregoing
and know the contents thereof; the same are true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                    ,20
............................................................................
(Print signer's name below signature)

..................................................................

STATE OF NEW YORK, COUNTY OF                                      ss:
Being sworn, says: I am not a party to the action, am over 18 years of
Age and reside at
On                    ,20          , I served a true copy of the annexed
In the following manner:

Check applicable Box

☐ Service By Mail — by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within The State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ Personal Service — By delivering the same personally to the person and at the address indicated below:

☐ Service by Electronic Means — by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ Overnight Delivery Service — by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below: